UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

KEITH K. DOLSMAN,                    )
                                     )  No. CV-10-308-JPH
          Plaintiff,                 )
                                     )  ORDER GRANTING DEFENDANT'S
v.                                   )  MOTION FOR SUMMARY JUDGMENT
                                     )
MICHAEL J. ASTRUE, Commissioner      )
of Social Security,                  )
                                     )
          Defendant.                 )
                                     )
_____)

     BEFORE THE COURT are cross-motions for summary judgment noted
for hearing without oral argument on October 28, 2011 (ECF No. 13,
19). Attorney Rebecca Coufal represents plaintiff; Special
Assistant United States Attorney Jeffrey R. McClain represents the
Commissioner of Social Security (defendant). The parties have
consented to proceed before a magistrate judge (ECF No. 6). After
reviewing the administrative record and the briefs filed by the
parties, the court **GRANTS** defendant's motion for summary judgment
(**ECF No. 19**).

                         **JURISDICTION**

     Plaintiff applied for disability insurance benefits (DIB) in
March 2008. He protectively applied for supplemental security
income (SSI) benefits in October 2008. Both allege disability
beginning April 22, 2005. The applications were denied initially
and on reconsideration (Tr. 59-61, 62-64, 67-68, 99, 532-538).

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                          - 1 -

At a hearing before an Administrative Law Judge (ALJ) on October 7, 2009, plaintiff, represented by counsel, and medical and vocational experts testified (Tr. 543-588). On November 25, 2009, the ALJ issued an unfavorable decision (Tr. 38-55). The Appeals Council denied review on July 27, 2010 (Tr. 6-10). Therefore, the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on September 17, 2010 (ECF No. 2,4).

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcript, the ALJ's decision, the briefs of both plaintiff and defendant, and are very briefly summarized here.

Plaintiff was 28 years old at onset on April 22, 2005, when he suffered an electric shock at work. Afterward he experienced muscle pain and fatigue in his elbows and shoulders. Mr. Dolsman is a high school graduate. He has worked as a tree trimmer, janitor, hand packager, telephone solicitor, customer services agent, construction worker and landscaper (Tr. 110, 120, 150, 156, 185, 580-582).

**SEQUENTIAL EVALUATION PROCESS**

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                              - 2 -

disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                      - 3 -

performing work which was performed in the past. If a plaintiff is able to perform previous work, that Plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) assessment is considered. If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. *Hoffman v. Heckler*, 785 F.3d 1423, 1425 (9th Cir. 1986). The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984); *Tackett v. Apfel*, 180 F.3d 1094, 1099 (1999).

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th

Cir. 1985); *Tackett,* 180 F.3d at 1097 (9th Cir. 1999). "The
[Commissioner's] determination that a plaintiff is not disabled
will be upheld if the findings of fact are supported by
substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th
Cir. 1983)(*citing* 42 U.S.C. § 405(g)). Substantial evidence is
more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112,
1119 n. 10 (9th Cir. 1975), but less than a preponderance.
*McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989);
*Desrosiers v. Secretary of Health and Human Services*, 846 F.2d
573, 576 (9th Cir. 1988). Substantial evidence "means such
evidence as a reasonable mind might accept as adequate to support
a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)
(citations omitted). "[S]uch inferences and conclusions as the
[Commissioner] may reasonably draw from the evidence" will also be
upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On
review, the Court considers the record as a whole, not just the
evidence supporting the decision of the Commissioner. *Weetman v.
Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989)(*quoting Kornock v.
Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to
resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If
evidence supports more than one rational interpretation, the Court
may not substitute its judgment for that of the Commissioner.
*Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579
(9th Cir. 1984). Nevertheless, a decision supported by substantial
evidence will still be set aside if the proper legal standards
were not applied in weighing the evidence and making the decision.
*Brawner v. Secretary of Health and Human Services*, 839 F.2d 432,

433 (9ᵗʰ Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9ᵗʰ Cir. 1987).

### ALJ'S FINDINGS

The ALJ found plaintiff's DIB insurance was effective through March 31, 2006 (Tr. 38, 40). At step one, he found plaintiff did not work at substantial gainful activity levels after onset (Tr. 40). At steps two and three, the ALJ found plaintiff suffers from electrical injury to the right upper extremity; neck sprain; pain disorder with both psychological factors and a general medical condition; and adjustment disorder with anxiety and depressed mood, impairments that are severe but do not medically meet or equal a listed impairment (Tr. 40). At step four, relying on a vocational expert, the ALJ found plaintiff could perform his past job as a telephone solicitor (Tr. 54, 584). The step four finding was determinative. The ALJ found Mr. Dolsman was not disabled as defined by the Social Security Act during the relevant period (Tr. 54).

### ISSUES

First, citing *Keyser v. Comm'r of Soc. Sec. Admin.*, 648 F.3d 721 (9ᵗʰ Cir. 2011), plaintiff alleges the ALJ's failure to append or incorporate a Psychiatric Review Technique Form (PRTF) to his decision requires remand. Second, he alleges the ALJ and the Appeals Council failed to properly evaluate the medical record. Next, plaintiff alleges the ALJ should have obtained a medical expert's testimony with respect to Mr. Dolsman's physical

impairments. [A psychologist testified at the hearing.] Finally, he alleges the ALJ's hypothetical failed to include all of his impairments (ECF No. 14 at 13-20).

The Commissioner responds that because the ALJ's decision is supported by substantial evidence and free of legal error, the Court should affirm (ECF No. 20 at 2).

**DISCUSSION**

**A. Weighing medical evidence - standards**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cr. 1991).

A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's physical condition. *Fair v. Bowen*, 885 F.2d 597, 604-05 (9th Cir. 1989). However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989)(citations omitted). More weight is given to a treating physician than an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Correspondingly, more weight is

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                          - 7 -

given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-43 (9th Cir. 1995).

**B. *Keyser* and use of the special psychiatric technique**

Plaintiff asserts the ALJ failed to complete a PRTF and append it to the decision, or incorporate its mode of analysis into his findings and conclusions, requiring remand (ECF No. 14 at 13-14).

The *Keyser* court held that when a claimant presents a colorable claim of mental impairment, the agency's regulations require the ALJ to complete a PRTF, append it to the decision, or incorporate its mode of analysis into his findings and conclusions; failing to do so requires remand. *Keyser*, 648 F.3d 721, 725 (9th Cir. 2011). Specifically, the court stated

> In step two of the disability determination, an ALJ must determine whether the claimant has a medically severe impairment or combination of impairments. In making this determination, an ALJ is bound by 20 C.F.R. § 404.1520a. That regulation requires those reviewing an application for disability to follow a special psychiatric review technique. 20 C.F.R. § 404.1520a. Specifically, the reviewer must determine whether an applicant has a medically determinable impairment mental impairment, *id.* § 404.1520a(b), rate the degree of functional limitation in four functional areas, *id.* § 404.1520a(c), determine the severity of the of the mental impairment (in part based on the degree of functional limitation), *id.* § 404.1520a(c)(1), and then, if the impairment is severe, proceed to step three of the disability analysis to determine if the impairment meets or equals a specific listed mental disorder, *id.* § 404.1520a(c)(2)...
>
> At hearings before an ALJ or the Appeals Council, ... the Commissioner must "document application of the technique in the decision." *Id.* § 404.1520a(e). Specifically, "the written decision *must* incorporate the pertinent findings and conclusions based on the technique" and "*must* include a specific finding as to the degree of limitation in each of the functional areas." *Id.* § 404.1520a(e)(4)(emphasis added)...
>
> In other words, the regulations contemplate that written decisions at the ALJ and Appeals Council levels should contain a "narrative rationale," instead of the "checklist of ... conclusions" found in a PRTF. *See* 65 Fed.Reg. at 50, 757-758.

*Keyser*, 648 F.3d at 725.

The ALJ included a narrative rationale in his decision. He opined plaintiff has (1) mild restrictions in activities of daily living; (2) moderate difficulties in social functioning; (3) moderate difficulties in concentration, persistence or pace; and (4) has experienced one to two episodes of decompensation, each of extended duration (Tr. 41). He found the evidence fails to establish the presence of the "paragraph C" criteria (*Id*). The ALJ further observed his findings are consistent with the PRT assessment at Exhibit 18F (*Id.*, citing Tr. 409-410).

The Court finds the ALJ's decision included a narrative

rationale and incorporated the PRTF findings. There was no error.

**C. Evaluating medical record**

Plaintiff alleges the ALJ failed to properly credit the opinions of treating doctors Deborah Montowski, M.D., and Roger Cooke, M.D., agency reviewing psychologist Patricia Kraft, Ph.D., (Tr. 339-412) and testifying psychologist Jay Toews, Ed.D. (ECF No. 14 at 14-17). And, he alleges new evidence considered by the Appeals Council, a neuropsychological evaluation conducted after the ALJ's decision, provides an additional basis for remand (ECF No. 14 at 16-17).

*New evidence*

Duana Green, Ph.D., evaluated plaintiff in February 2010, three months after the ALJ's adverse decision (Tr. 12-32). The report was considered by the Appeals Council but not the ALJ. The Appeals Council found the new evidence did not merit further review.

The court has discretion to remand matters on appeal for consideration of newly discovered evidence. *Goerg v. Schweiker*, 643 F.2d 582, 584 (9th Cir. 1981); 42 U.S.C. § 405(g). Section 405(g) expressly provides for remand where new evidence is "material" and there is "good cause" for the failure to incorporate the evidence in a prior proceedings. *Burton v. Heckler*, 724 F.2d 1415, 1417 (9th Cir. 1984).

To be material, the new evidence must bear directly and substantially on the matter in issue. *Key v. Heckler*, 754 F.2d 1545, 1551 (9th Cir. 1985). Also, there must be a reasonable probability that the new evidence would have changed the outcome if it had been before the Secretary. *Booz v. Secretary of Health*

*and Human Services*, 734 F.2d 1378, 1380-1381 (9th Cir. 1984).

Seeking out a new success with the agency does not establish "good cause": *Allen v. Secretary of Health and Human Services*, 726 F.2d 1470, 1473 (9th Cir. 1984).

Since plaintiff fails to meet the materiality and good cause requirements, the Court is not able to consider the newly submitted evidence. If plaintiff files a new application he may wish to include this evidence.

*Treating doctors' opinions*

Dr. Montowski gave several contradicted and inconsistent opinions, as the ALJ points out. In February 2009, Dr. Montowski assessed an RFC for light work (Tr. 427). In September 2009, she opined plaintiff was disabled (Tr. 443). The ALJ notes "there is no evidence in the record the claimant's condition worsened since February 2009" (Tr. 53), a specific, legitimate reason to reject the September opinion. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005)(an ALJ may reject any medical opinion that is brief, conclusory, and inadequately supported by clinical findings).

Dr. Cooke opined plaintiff suffers severe physical limitations. The ALJ discredited this contradicted opinion because it is unsupported by Cooke's own clinical findings (Tr. 52). The ALJ is correct. Dr. Cooke noted plaintiff's gait was normal, he had no lower extremity weakness, and, most significant, there was no evidence of significantly decreased grip strength (Tr. 271-272). This reason is specific and legitimate. *Bayliss*, 427 F.3d at 1216.

To further aid in weighing the conflicting medical evidence,

the ALJ evaluated plaintiff's credibility and found him less than fully credible (Tr. 21). Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005).

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ found plaintiff less than credible based on his inconsistent statements, activities, and allegations unsupported by clinical findings (Tr. 43, 49-52).

Plaintiff testified he stopped seeing psychologist Clark Ashworth, Ph.D., because he did not think the sessions were helpful. During an evaluation at St. Luke's Rehabilitation Institute, plaintiff described the sessions as helpful (Tr. 50).

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                              - 12 -

Records show plaintiff was walking a quarter of a mile in March 2006, eleven months after onset. He continued to fish, and, in June 2007, his hands were stained with oil. The ALJ observes these activities indicate good use of the upper extremities at least occasionally, and contradict plaintiff's testimony (Tr. 51-52). The ALJ points out that, despite repeated subjective complaints, test results "did not demonstrate any cognitive difficulties" (Tr. 50, referring to evaluations in March and August 2006; Exhibits 7F, 9F, 23F). The ALJ's reasons are clear, convincing, and fully supported by the record. *See Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002)(proper factors include inconsistencies in plaintiff's statements, inconsistencies between statements and conduct, and extent of daily activities). Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).

**D. Medical expert**

Plaintiff alleges the ALJ should have called a medical doctor to testify regarding physical impairments (ECF No. 14 at 11, incorporating Tr. 539-540).

Plaintiff is incorrect. The ALJ's duty to further develop the record is triggered only when the evidence is ambiguous or the record is inadequate to make a disability determination. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). This record is adequate for a determination. The ALJ notes that in August 2006, examining neurosurgeon Ronald Vincent, M.D., observed marked symptom embellishment with few, if any, objective findings

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                    - 13 -

to support plaintiff's subjective complaints (Tr. 47, 509-516).
Dr. Vincent opined plaintiff's limitations are self-imposed, and
he is able to return to work full time (Tr. 516, 519). It was not
necessary to obtain a medical expert's testimony.

**E. Question to the VE**

Plaintiff alleges the ALJ gave little weight to "DDS
reviewing doctors and the ALJ's own ME who agreed with the
limitation in Dr. Kraft's MRFCA using the restriction of which the
VE found no PRW and no real ability to get/keep a job" (ECF No. 14
at 16).

The Commissioner construes this as an assertion the ALJ
credited some but not all of Dr. Kraft's June 2008 opinion (ECF
No. 20 at 16). Plaintiff apparently alleges the ALJ should have
given as much credit to the check box portion of the opinion as to
the narrative. Plaintiff is incorrect.

The ALJ is responsible for reviewing the evidence and
resolving conflicts or ambiguities in testimony. *Magallanes v.
Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the
trier of fact, not this court, to resolve conflicts in evidence.
*Richardson*, 402 U.S. at 400. The court has a limited role in
determining whether the ALJ's decision is supported by substantial
evidence and may not substitute its own judgment for that of the
ALJ, even if it might justifiably have reached a different result
upon de novo review. 42 U.S.C. § 405(g).

The ALJ's resolution of any perceived conflicts or ambiguity
in Dr. Kraft's opinion is supported by substantial evidence.
Multiple examiners opined plaintiff is able to work, suffers self-
imposed limitations, has minimal or no psychological limitations,

a good memory, embellishes his symptoms, exhibits extreme pain behaviors, and has a "strong disability conviction" (Tr. 384, 387-388, 391, 394, 459, 461-463, 473-473, 488, 498-499, 516). In hypotheticals posed to a vocational expert, the ALJ must only include those limitations supported by substantial evidence. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir. 2006).

The ALJ's hypothetical included all of plaintiff's limitations supported by the record.

**CONCLUSION**

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is free of legal error and supported by substantial evidence..

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment **(Ct. Rec. 18)** is **GRANTED.**

2. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 13)** is **DENIED.**

The District Court Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of defendant, and **CLOSE** this file.

DATED this 22nd day of December, 2011.

s/ James P. Hutton
JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE